IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN MENEFEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:08-CV-1992-LSC |
| | ) | |
| JAMES WASHINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on December 15, 2009, recommending that defendant James Washington's motion for summary judgment be denied; defendant Alphonso Barber's motion for summary judgment be granted; and defendant Mitch Etheridge's motion for summary judgment be granted.  (Doc. 17.)  Defendant James Washington ("Defendant Washington") filed objections on December 28, 2009.  (Doc. 19.)  Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED.

In his objections, Defendant Washington argues that Plaintiff did not present evidence establishing a genuine issue of material fact whether he caused a disturbance requiring the use of force. Defendant Washington dismisses the allegations made in Plaintiff's complaint. However, "specific facts" pled in a *pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment. *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986.) In the complaint, Plaintiff swears under penalty of perjury that Defendant Washington struck him in the face five times after he complied with an order to step into a hallway. (Doc. 1 at 3-4.) Plaintiff also swears that after he told another officer about the alleged assault, Defendant Washington told him to "shut up" and sprayed him in the face with mace while he was handcuffed. (Doc. 1 at 5.) Defendant Washington maintains that Plaintiff told him "I'm tired of you fucking with me this lil boy shit," and turned toward him in a "threatening manner." (Doc. 10 at 6.) Defendants' evidence does not explain how Plaintiff's actions were "threatening." Plaintiff's sworn account establishes genuine issues of fact regarding three of the five factors outlined in *Hudson v. McMillian*, 503 U.S. 1 (1992), to examine the use of force required to maintain discipline under

the Eighth Amendment: the need for application of force; the relationship between the need and the amount of force used; and the threat reasonably perceived by the prison official.

Defendant Washington also contends in his objections that he is entitled to summary judgment because Plaintiff only suffered *de minimus* injury. The extent of the injury to an inmate, however, is only one factor outlined in *Hudson*. 503 U.S. at 7. Viewing the evidence in the light most favorable to the plaintiff, and assuming for the purposes of summary judgment that Plaintiff did suffer *de minimus* injury, questions of fact still exist regarding whether Defendant Washington's use of force is the sort "repugnant to the conscience of mankind." *Id*. at 10 (quotations omitted).

The Court EXPRESSLY FINDS that genuine issues of material fact preclude entry of judgment as a matter of law in favor of Defendant Washington. Accordingly, Defendant Washington's motion for summary judgment is due to be DENIED. The Court also EXPRESSLY FINDS that there are no genuine issues of fact regarding Plaintiff's claims against Alphonso Barber and Mitch Etheridge, and these defendants are entitled to judgment as a matter of law. Therefore, Barber's motion for summary judgment and

Etheridge's motion for summary judgment are due to be GRANTED. Plaintiff's claims against Defendant Washington are REFERRED to Magistrate Judge Paul Greene for further proceedings as required so that this case may move forward to trial.  A separate order will be entered.

    Done this <u>6th</u> day of <u>January 2010</u>.

                                           L. SCOTT COOGLER
                              UNITED STATES DISTRICT JUDGE
                                              139297